UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| CURTIS O'BRYAN JEFFERSON, | ) | |
| --- | --- | --- |
| | ) | Case No. 4:25-cv-2 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| VICKY AFISON, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Curtis O'Bryan Jefferson, a prisoner housed at the Lincoln County Jail, has filed a (1) complaint under 42 U.S.C. § 1983 (Doc. 1) and (2) motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed as a pauper, **PERMITS** Plaintiff to proceed on a conditions-of-confinement claim against Officers Pease and Lopez, and **DISMISSES** all remaining claims and Defendants.

I.     **MOTION TO PROCEED** *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 2) will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding

monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2

However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

### B. Plaintiff's Allegations

On November 25, Plaintiff received open legal mail in Dorm 208 of the Lincoln County Jail ( the "Jail"). (Doc. 1, At 3–4.) The Jail's administration has "been holding incoming mail and outgoing mail [to] keep [Plaintiff] from commu[n]icating to present any issue before a court of law or governmental agency." (*Id.* at 4.) On December 10th through the 12th, Plaintiff saw Officer Steel place inmates' legal mail in his back pocket, open the mail, and then seal the mail again. (*Id.*) Plaintiff has had both incoming and outgoing legal mail "that stayed in the admin building for a month[,]" and on two dates in January 2025, the mail he received had already been opened and resealed with tape. (*Id.*)

Nurse Cayla Smith denied Plaintiff medications on November 14, 2024, and December 13, 2024. (*Id.*) On November 26, 2024, Christina Woodard "put her hands on" Plaintiff by grabbing him out of his dorm "and throwing [him] against the wall." (*Id.*) On December 6, 2024, Officer Tanner Pease denied Plaintiff his hour out of his cell, and when Plaintiff asked for his hour out, Officer Pease "made a sexual comment" by stating "he would s\*\*t in the shower." (*Id.*) The following day, December 7, 2024, Officer Pease and Officer Lopez "both ke[]p[t] exposing [Plaintiff] naked on [the] ground for six (6) hours" while Plaintiff "beg[ed] for a clean smock." (*Id.*) When Plaintiff asked Officer Steel what he was doing in the inmates' shower, Officer Steel made "sexual comments" by stating that he was "p\*\*\*ing in the shower." (*Id.*)

By way of relief, Plaintiff asks the Court to require the Jail to provide equal treatment and avoid treating inmates "like animals." (*Id.* at 5.)

C.  **Analysis**

Plaintiff indicates that he is imprisoned on pending charges. (Doc. 1, at 2.) Therefore, the Court presumes he is a pretrial detainee protected by the Fourteenth Amendment to the United States Constitution. *See Westmoreland v. Butler Cnty.*, 29 F.4th 721, 726 (6th Cir. 2022). The Fourteenth Amendment's Due Process Clause protects detainees from being "punished prior to an adjudication of guilt[,]" *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while the Eighth Amendment protects convicted prisoners from "cruel and unusual punishments," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting U.S. Const. amend VIII). And while a plaintiff must establish "deliberate indifference" to his rights to state a claim under either amendment, the Eighth Amendment's standard is more rigorous, as a prisoner must allege facts meeting both an objective element of seriousness and a subjective element of conscious culpability under that test. *See Westmoreland*, 29 F.4th at 726, 728. Under the Fourteenth Amendment, however, the subjective element of the test is modified such that a detainee "need only make 'an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly.'" *Davis v. Chorak*, No. 22-1839, 2023 WL 2487339, at *2 (quoting *Westmoreland*, 29 F.4th at 729).

To state a claim under § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. And to state a claim against the individual Defendants in their respective personal capacities, Plaintiff must adequately plead that each Defendant, by his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to

4

state a claim upon which relief may be granted). That is, constitutional liability cannot attach to a Defendant solely based on his position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell,* 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). The Court addresses Plaintiff's claims with these considerations in mind.

### 1. Defendants George and Lincoln County Sheriff's Department

Plaintiff's complaint does not contain any factual allegations against Defendant Zek George. (*See, generally*, Doc. 1.) And his status as Assistant Chief of the Jail is insufficient to demonstrate his involvement in any alleged constitutional violation. *See Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (finding defendant could not be held liable based on her failure, as head of the department, to oversee subordinates). Thus, Plaintiff has failed to state a claim against Defendant George, and the Court will **DISMISS** him from this action.

Plaintiff has also named the Lincoln County Sheriff's Department as a Defendant. (Doc. 1, at 3.) But a sheriff's department is not an entity subject to suit under § 1983. *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))).[1] Therefore, the Court will **DISMISS** Defendant Lincoln County Sheriff's Department.

---

[1] Plaintiff does not attribute any wrongdoing to a custom or policy of Lincoln County, such that the County itself could be liable under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

### 2. Legal Mail

Plaintiff maintains that he has received open legal mail and that he has seen a non-Defendant officer pocketing and opening inmates' legal mail. (Doc. 1, at 4.) However, Plaintiff's complaint that he has witnessed other inmates' mail being opened fails to state claim, because Plaintiff cannot assert the rights of others. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners").

As to Plaintiff's own legal mail, the Court notes that a prisoner has a First Amendment right to receive and send mail, subject to reasonable limitations for "legitimate penological objectives." *Sallier v. Brooks*, 343 F.3d 868, 873–74 (6th Cir. 2003). But recognizing the need to balance the prison's needs for security and safety against the prisoner's countervailing legal rights, prison officials can open "legal mail" and inspect it for contraband in the prisoner's presence, *Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974), "if such a request" to be present "has been made by the prisoner[,]" *Sallier*, 343 F.3d at 874. Generally, to be considered constitutionally protected legal mail, such mail must be "properly and clearly marked" as such. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). Plaintiff has not alleged that he has requested that his legal mail be opened in his presence, that his legal mail was opened despite it being clearly marked, or that he has in any way been prejudiced by the opening of any of his legal mail. Accordingly, the Court will **DISMISS** Plaintiff's claims for interference with legal mail.

### 3. Access to the Courts

Plaintiff also complains that the Jail has held his incoming and outgoing legal mail to keep Plaintiff from being able to present "any issue" to a court or governmental agency. (Doc. 1, at 4.)

The Court construes this allegation as an access-to-the-court claim. To succeed on such a claim, Plaintiff must demonstrate that he was prevented from pursing a legal claim, or that he lost the ability to pursue some avenue of relief, due to Defendants' conduct. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (holding inmate claiming lack of access must demonstrate his prison officials impeded non-frivolous civil rights or criminal action); *Kensu*, 87 F.3d at 175 ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation."). However, "the injury requirement is not satisfied by just any type of frustrated legal claim," but rather, only an action attacking a conviction, directly or collaterally, or in a civil rights action challenging his conditions of confinement. *Lewis*, 518 U.S. at 354.

Plaintiff has not demonstrated that he was in any way prejudiced by any delay in sending or receiving his legal mail, and the Court notes that he was able to submit the necessary documents to file this § 1983 action. Accordingly, the Court will **DISMISS** this claim.

### 4. Use of Force

Plaintiff maintains that Christina Woodard, who is not named as a Defendant in this action, "put her hands on" him and threw him "against the wall." (Doc. 1, at 4.) But to succeed on a claim that a use of force against Plaintiff violated his constitutional rights, Plaintiff must show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). Plaintiff fails to do so. He does not allege that he suffered any injury as a result of the use of force, nor does he disclose whether he was compliant with the officer's commands when the use of force occurred. And "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976)). Here, Plaintiff merely "tenders naked assertions

devoid of further factual enhancement[,]" which is insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks and alterations omitted). Accordingly, the Court will **DISMISS** this claim.

     **5.**     **Medical Care**

Plaintiff asserts that Nurse Cayla Smith, who is not a named Defendant, denied him medications on two separate occasions in November and December 2024. (Doc. 1, at 4.) To state a claim against Nurse Smith for the denial of adequate medical care, Plaintiff must show that (1) he had a sufficiently serious medical need to which (2) the defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (citation omitted).

As to the first component, a medical need is deemed sufficiently serious if it has been diagnosed by a doctor as requiring treatment or is so obvious that even a lay person would recognize the need for medical attention. *Greene v. Crawford Cnty., Mich.*, 22 F.4th 593, 607 (6th Cir. 2022) (internal quotations and citation omitted). A defendant displays the requisite culpability to satisfy the second component by acting with "more than negligence but less than subjective intent—something akin to reckless disregard." *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (citation omitted). Here, Plaintiff does not identify the medication he was denied, what it was intended to treat, or whether he suffered any adverse consequences as a result of the two missed doses. Therefore, Plaintiff does not allege any facts that would allow a plausible inference that he is suffering a serious medical need that was met with a deliberate and reckless disregard. Accordingly, the Court will **DISMISS** this claim. *Twombly*, 550 U.S. at 570 (holding complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face).

8

### 6. "Sexual" or Other Language

Plaintiff contends that Defendant Officer Tanner Pease and non-Defendant Officer Steel both made "sexual comments" to him. (Doc. 1, at 4.) It is unclear whether Plaintiff interpreted officers stating they would "s**t in the shower" and were "p***ing in the shower" as sexual, or whether additional comments were made. (*Id.*) Regardless, vulgar, and/or threatening language does not give rise to a constitutional issue. *Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (finding that the occasional use of racial slurs, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude" (quoting *Corsetti v. Tessmer,* 41 F. App'x 753, 755–56 (6th Cir. 2002))); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (finding verbal abuse and harassment do not constitute "punishment" in the constitutional sense or otherwise raise a constitutional issue). And "circuit courts consistently have held that sexual harassment, absent contact or touching" is not objectively serious. *Bourne v. Awomolo*, No. 1:16-CV-957, 2016 WL 4771240, at *3–4 (W.D. Mich. Sept. 14, 2016) (collecting cases). Accordingly, the Court will **DISMISS** this claim.

### 7. Conditions of Confinement

Plaintiff maintains that Defendant Officer Pease denied him his hour out of his cell on December 6, 2024, and he alleges that Office Pease and non-Defendant Officer Lopez left him naked on the ground for six hours the following day. (Doc. 1, at 4.) Claims concerning conditions of confinement "are highly fact-specific[.]" *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017). The Sixth Circuit has held:

> [A] conditions-of-confinement claim has two elements. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Second, the prison official's state of mind [must be] one of deliberate indifference to inmate health or safety.

9

*Spencer v. Bouchard*, 449 F.3d at 728 (6th Cir. 2006) (internal citations and quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

As to the first element, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Rather, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" will establish a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and internal quotation marks omitted). And regarding the second element, a defendant demonstrates deliberate indifference to a pretrial detainee by acting "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836).

Plaintiff's claim that he was denied his hour of out-of-cell recreation on one occasion is not constitutionally impermissible. There is no constitutionally minimum level of recreation that must be provided to prisoners. *See Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (observing that the Sixth Circuit has never set a minimum amount of outdoor time for inmates). Instead, prisoners are entitled to enough exercise to maintain reasonably good physical and mental health. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985); *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). And Plaintiff has not presented any facts to suggest that being denied an hour out of his cell has impacted his physical and/or mental health. Accordingly, the Court will **DISMISS** this claim.

The Court finds, however, that Plaintiff has stated a plausible conditions-of-confinement claim by alleging that on December 7, 2024, he begged for a smock but was kept nude on the ground for six hours by Officers Pease and Lopez. (Doc. 1, at 4.) That is, the Court finds Plaintiff has alleged that he was exposed to conditions that, by nature and duration, constituted "punishment" or were "objectively, sufficiently serious" in the constitutional sense. *Bell*, 441 U.S

10

at 535; *Spencer*, 449 F.3d at 728.  And while Plaintiff failed to name Officer Lopez as a Defendant in the caption of his complaint, it is clear from Plaintiff's allegations that he believes Officer Lopez bears some responsibility for the alleged wrongdoing.  Accordingly, the Clerk will be **DIRECTED** to add Officer Lopez as a Defendant, and this conditions-of-confinement claim will **PROCEED** against Defendants Pease and Lopez.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. The Clerk is **DIRECTED** to add Officer Lopez as a Defendant in this action;

5. Plaintiff has set forth a plausible claim that Defendants Pease and Lopez violated his right to be free from unconstitutional conditions of confinement, and this claim will **PROCEED** against Defendants Pease and Lopez;

6. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Pease and Lopez;

7. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Order;

8. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

9. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed;

10. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service.  If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

11. All other claims and Defendants are hereby **DISMISSED**; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**