UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| CURTIS O'BRYAN JEFFERSON, | ) | |
|---|---|---|
| | ) | Case No. 4:25-cv-2 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| TANNER PEASE and OFFICER LOPEZ, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

On February 3, 2025, the Court entered an Order screening Plaintiff's pro se prisoner's complaint and providing him within twenty-one (21) days within which to return service packets for the remaining Defendants (Doc. 5). The Order warned Plaintiff that failure to timely return the completed service packets would result in the dismissal of this action (*id*. at 11). Plaintiff did not return the service packets but did file numerous documents (Docs. 6–24). Thereafter, the Court entered an Order advising Plaintiff that his submissions were improper and providing him through March 31, 2025, to file his service packets with the Court (Doc. 25). The Order notified Plaintiff that any failure to timely return the service packets would result in the dismissal of "this action without further notice" (*id.* at 2). The deadline has passed, and Plaintiff has not returned his completed service packets or requested an extension of time within which to do so.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly

provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Consideration of these factors counsels in favor of the dismissal of this action. Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault, as he failed to follow explicit directions of the Court. Plaintiff was twice expressly warned that failure to timely submit the completed service packets would result in the dismissal of this case. And alternative sanctions are not warranted, as Plaintiff's failure to comply with the Court's Order has left it unable to advance this case.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**